LEWANER BARRETT *vs.* CHARLES J. SUDLER, Administrator d. b. n. of JOSEPH H. MASSEY, deceased.

1. DESCENT AND DISTRIBUTION—SOURCE OF TITLE.

*Rev. Code* 1852, amended to 1893, *p.* 641, *c.* 85, pertaining to intestate real estate, requires only that the persons inheriting shall have a certain relation to the intestate, and does not require connection by blood or otherwise with any one beyond the intestate, except where under the act the estate passes to brothers and sisters; and hence, where an intestate left no descendants, brothers, sisters, father, or mother, his father's brothers and sisters and their issue were entitled to share equally with his mother's brothers and sisters and issue in a fund derived from the sale of real estate which he inherited from his mother.

2. DESCENT AND DISTRIBUTION—REMOTE COLLATERALS—HALF BLOOD.

Under the statute of distribution (*Rev. Code* 1852, amended to 1893, *p.* 678, *c.* 89), relatives of the half blood share equally with those of the whole blood, except where they are expressly excluded by preference conferred by statute upon others, as is done only in preferring brothers and sisters of the whole blood to brothers and sisters of the half blood; and hence an intestate's father's brothers and sisters of the half blood and their issue shared equally with those of the whole blood.

(*July* 9, 1913.)

PENNEWILL, C. J., and RICE, J., sitting.

*Arley B. Magee* for plaintiff.

*Charles H. Le Fevre* and *Henry Ridgely* for defendant.

Superior Court, Kent County, July Term, 1913.

SUMMONS CASE (No. 32, July Term, 1913). Action by Lewaner Barrett against Charles J. Sudler, administrator d. b. n. of Joseph H. Massey, deceased, to recover a proportionate part of the distributive balance in the hands of the defendant administrator. Heard on a case stated by which it was agreed as follows:

1. That Joseph H. Massey, late of Kent County, deceased, departed this life intestate during or about the month of ——, in the year 1911.

2. That during or about the month of January, 1881, the said Joseph H. Massey was declared to be an insane person upon a writ of *de lunatico inquirendo*, and that thereafter a trustee was duly appointed for the management of his estate.

3. That before and at the time of the lunacy proceedings aforesaid, the said Joseph H. Massey was seized in his demesne

as of a fee of a certain farm or tract of land in Kent County aforesaid, which he had inherited from his mother, Hester Ann Massey.

4. That after the lunacy proceedings aforesaid, the farm aforesaid was sold under the order of the Court of Chancery of the State of Delaware, in and for Kent County, by the trustee of the said Joseph H. Massey, and the proceeds therefrom were duly invested.

5. That Charles J. Sudler, the above-named defendant, was, subsequent to the decease of the said Joseph H. Massey, to wit, May 1, 1912, appointed administrator d. b. n. of the goods, chattels and effects of the said Joseph H. Massey.

6. That the trustee of the said Joseph H. Massey has turned over to the said Charles J. Sudler, administrator as aforesaid, all the funds in the hands of said trustee at the death of the said Joseph H. Massey, which funds were derived from the sale of the farm aforesaid and from the accretions thereto, to wit, five thousand, seven hundred and forty-six dollars and thirty-one cents.

7. That the said Charles J. Sudler, administrator as aforesaid, did on the —— day of ——, 1912, pass his first and final account on the estate of the said Joseph H. Massey, which was duly allowed by the register of wills, in and for Kent County, by which it appears that there is an unappropriated balance in said estate of five thousand, one hundred and sixty-eight dollars and ninety-six cents for distribution among the persons entitled thereto.

8. That all of the moneys accounted for by the said administrator as aforesaid were received by the said administrator from the trustee aforesaid.

9. That the said Joseph H. Massey was a single man and left to survive him neither brothers nor sisters, nor the issue of any such, nor father nor mother, and that his next of kin consisted of three classes of relatives, as follows:

*First.* A sister of the whole blood of Hester Ann Massey, the mother of the said Joseph H. Massey, namely, Lewaner Barrett, the above-named plaintiff, and the issue of four deceased brothers of the whole blood of the said Hester Ann Massey,

namely, Samuel Wesley Chambers, Mark G. Chambers, John G. Chambers and Benjamin B. Chambers.

*Second.* The issue of one deceased brother and two deceased sisters, all of the whole blood, of Peter Massey, the father of the said Joseph H. Massey, namely, William Massey, Jane Massey and Prudence Massey.

*Third.* The issue of two deceased brothers and three deceased sisters, all of the half blood, of the said Peter Massey, namely, John Massey, Erasmus Massey, Eliza Massey, Hannah Massey and Elizabeth Massey.

If the court shall be of opinion that only the next of kin who claim through Hester Ann Massey, the mother of Joseph H. Massey, are entitled to the fund aforesaid, then judgment shall be entered in favor of the plaintiff for one-fifth part of the aforesaid sum of five thousand, one hundred and sixty-eight dollars and ninety-six cents.

If the court shall be of opinion that the issue of deceased brothers and sisters of Peter Massey, the father of Joseph H. Massey, whether of the whole blood or of the half blood, are entitled (along with the next of kin of the said Joseph H. Massey claiming through his mother, the aforesaid Hester Ann Massey) to share in the fund aforesaid, as the next of kin of the said Joseph H. Massey, then judgment shall be entered for the plaintiff for one-thirteenth part of the aforesaid sum of five thousand, one hundred and sixty-eight dollars and ninety-six cents.

If the court shall be of opinion that the issue of deceased brothers and sisters of the half blood of the said Peter Massey are not entitled to share in the fund aforesaid, but that the issue of the deceased brothers and sisters of the whole blood of the said Peter Massey are entitled, along with the next of kin of the said Joseph H. Massey, claiming through his mother, the aforesaid Hester Ann Massey, to share in the fund aforesaid, then judgment shall be entered for the plaintiff for one-eighth part of the aforesaid sum of five thousand, one hundred and sixty-eight dollars and ninety-six cents.

[1, 2] It was contended that *Chapter* 85, pertaining to intestate real estate, *Revised Code, p.* 641, classes the persons who are

to inherit in succession, and requires that they shall have a certain connection or relation to the intestate, but does not require connection by blood or otherwise with any one beyond the intestate, except where under the act the estate passes to brothers and sisters (*Kean's Lessee v. Roe and Hoffecker*, 2 *Harr.* 103, 113, 29 *Am. Dec.* 336), and that under the statute of distribution of the residue of personal estate (*Chapter* 89, *Revised Code*, 678), half blood are enttiled to, and must, be admitted to share in the distribution in equal degree with the whole blood in all cases where they are not expressly excluded by preference conferred by statute upon others, as is done only in preferring brothers and sisters of the whole blood to brothers and sisters of the half blood. *McKinney v. Mellon*, 3 *Houst.* 277.

*Per Curiam.* Upon the authority of the cases cited, the court makes the following order:

And now, to wit, this ninth day of July, in the year of our Lord, 1913, this case coming on to be heard before the court, upon a case stated, and the same having been argued by counsel for the plaintiff and defendant respectively, and the court being of the opinion that the issue of deceased brothers and sisters of Peter Massey, the father of Joseph H. Massey, whether of the whole blood or of the half blood, are entitled along with the next of kin of the said Joseph H. Massey claiming through his mother, Hester Ann Massey, to share in the fund belonging to the estate of the said Joseph H. Massey, deceased, as the next of kin of the said Joseph H. Massey:

It is ordered, adjudged and decreed by the court that judgment be and the same is hereby entered for the plaintiff, Lewaner Barrett, and against the defendant, Charles J. Sudler, administrator d. b. n. of Joseph H. Massey, deceased, for the one-thirteenth part of the said sum of five thousand, one hundred and sixty-eight dollars and ninety-six cents, to wit, the sum of three hundred and ninety-seven dollars and sixty-one cents.